The Chief Justice
delivered the opinion of the court.
This was a bill filed by Beemiss agsinst Bullock, to set aside a contract, bv which the latter bound himself to convey to the former a certain tract of land for a stipulated price, a part of which was paid.
On a final hearing, the circuit court having decreed the contract to be rescinded, and ihe money paid to be refunded with interest, without discounting the rents and profits for the time Beemiss enjoyed the land, Bullock has appealed to this court,
That the circuit court did right in decreeing the contract to be rescinded, there can be but little room to doubt.
There may not, indeed, be any just ground for imputing fraud in fact to Bullock in the making of the contract, but there is a total inability on iiis part, to comply with the *434 contract, and he has shewn no endeavors to acquire the abU lity to do so. The right he sold appears to have been in his brother Stephen Bullock; and although he bound himself individually to convey, yet he has obtained no transfer of his brother’s right, notwithstanding the lapse of thirteen or fourteen years from the time of making the contract until the final hearing of the cause. It is true that he had a power from his brother to sell, but he has not pursued the power, not only because he bound himself and not bis brother, but because the power from his brother only authori-sed a conveyance without warranty, and he has bound himself to convey with warranty. Besides, his brother, since the making of the contract, has died, and his authority to convey under the power has thereby become extinct.
Although there may be ho actual fraud in making a contract, yet a totalinability on one side to fulfil it, discharges the otherparty.
Gross negligence for an unreasonable time to dothatwbich was incumbent on him. to do, is equivalent to fraud, and jus lines a dissolution of the contract
On rescind-ingacontract of s-.de, if the vendee has liad possession of the subject matter, he must account with die vendor for the profits exceeding the improvements.
Bibb for appellant, B. Hardin for appellee.
His inability to comply with his contract cannot be excused, as was supposed by his counsel in argument, on the ground that there were other conflicting claims which were known to Beemiss, at the time of the contract, to be in a course of litigation, and that the contract was not to he fulfilled on either side until those claims were adjusted. It was undoubtedly incumbent upon Bullock to use reasonable diligence to bring the litigation to an end; but he has wholly failed to shew that he has used any endeavors to do so. Such a want of attention to his duty in this respect, for so great a length of time as has elapsed, must be ascribed to gross negligence, which is, in contemplation of law, equivalent to fraud. The circuit court was therefore correct in rescinding the contract. But we are of opinion that court erred in not compelling Beemiss to account for the rents and profits until about the time this suit was commenced, when he abandoned the possession; Bullock’s authority from his brother was sufficient to justify his putting Beemiss in possession, and as he enjoyed the possession in virtue of the contract with Bullock, he ought to account to him for the rents and profits.
The decree must be reversed and the cause be remanded for such proceedings to be had, and such decree to be entered as may be consistent with this opinion.